IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XYAVION CORTEZ LAWRENCE, | : : | |
| Plaintiff | : : | No. 1:23-cv-00060 |
| v. | : : | (Judge Rambo) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : : : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff Xyavion Cortez Lawrence, who is currently incarcerated at the Federal Correctional Institution, Schuylkill (FCI Schuylkill), initiated the above-captioned *pro se* civil action, presumably under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Lawrence claims that he is being subjected to unconstitutional conditions of confinement with respect to food service. The Court must dismiss Lawrence's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim but will grant him leave to amend.

I.   BACKGROUND

Lawrence's complaint[1] is brief and straightforward. He alleges that he has been confined in the Special Housing Unit (SHU) at FCI Schuylkill since November

---

[1] Lawrence filed a "motion for injunctive relief," (Doc. No. 1), which the Court construes as a civil complaint seeking injunctive relief. He subsequently filed a separate motion for injunctive relief, which is largely identical to his initial filing. (*See* Doc. No. 4.)

13, 2022, and has been "deprived of his full nutritious meal" on multiple occasions. (Doc. No. 1 at 2.) Specifically, he contends that on November 24 (Thanksgiving), December 12, December 30, and December 31, 2022, as well as January 1, 2023, he was denied his "full nutritious meal" at lunchtime. (*Id.*) Although Lawrence does not explain what he means by this allegation, at a different point in his complaint he indicates that SHU staff are purportedly "stealing/bullying the inmate population for part of their nutritious meal," implying that he was only receiving a portion of his lunches on these dates. (*Id.*) He further avers that, on January 5, 6, and 7, he "found a bug in his oatmeal for breakfast" and was not given an alternative item and thus "was left hungry for breakfast and did not receive [a] proper nutritious diet for the day." (*Id.*) Lawrence contends that this is "cruel and unusual punishment" in violation of the Fifth and Eighth Amendments to the United States Constitution and seeks injunctive relief and money damages. (*See id.* at 1, 3; Doc. No. 4.)

Lawrence names as defendants "the [Federal Bureau of Prisons], Warden Sage, Chainey, Dunkin, Savitsky, Horan, Pambianco, Davis, Yasenchak, Barret, and Several Other Respondents." (Doc. No. 1 at 1.) However, because he fails to state a claim upon which relief may be granted, his complaint must be dismissed.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or

employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

3

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Lawrence proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant,

like Lawrence, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

### III. DISCUSSION

"The first step in any [civil rights] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Lawrence asserts that his Fifth and Eighth Amendment rights are being violated. He does not, however, explain how his allegations implicate the due process clause of the Fifth Amendment, nor can the Court conceive of any connection. Moreover, his complaint is clearly setting forth a conditions-of-confinement claim under the Eighth Amendment's prohibition against cruel and unusual punishments. The Court, therefore, will consider whether Lawrence has plausibly stated a conditions-of-confinement claim against any named Defendant.

#### A. Eighth Amendment Conditions-of-Confinement Claim

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]" *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation

5

omitted).   To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements.  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).  Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."  *Id.* (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."  *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

The Court first notes that, because Lawrence is suing federal actors for an alleged constitutional deprivation, his claim implicates *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983.  Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and extending the *Bivens* remedy is now a decidedly "disfavored judicial activity."  *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1857 (2017) (citation and internal quotation marks omitted).  Nevertheless, the Court need

6

not determine at this juncture whether a *Bivens* remedy exists for Lawrence's claim, as he fails to plausibly state an Eighth Amendment violation.

Lawrence's condition-of-confinement claim falters at both elements. First, he does not allege a sufficiently serious deprivation. Lawrence asserts that he was denied a *portion* of one of his daily meals—either lunch or breakfast—on eight occasions during a span of nearly two months. This alleged deprivation, while certainly unpleasant, does not rise to the magnitude of a *constitutional* violation. *See, e.g.*, *Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential) (deprivation of 3 meals over 2 days not a constitutional violation, but denial of 16 meals over 23 days may implicate Eighth Amendment); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) (nutritionally inadequate restricted diet for 14 consecutive days may violate constitution); *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999) (denial of food "on many occasions for three to five days at a time" sufficient to state Eighth Amendment claim); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (denial of one out of every nine meals for five-month span likely not a constitutional violation); *Robles v. Coughlin*, 725 F.2d 12, 13, 15-16 (2d Cir. 1983) (denial of all meals for 12 days, 3 of which were consecutive, over 53-day span implicated Eighth Amendment); *Smith v. Wilson*, No. 3:13-cv-771, 2014 WL 4626664, at *1, 5-6 (M.D. Pa. June 26, 2014) (denial of 15 meals over 27 days sufficient to state an Eighth Amendment claim), *report and recommendation*

*rejected in part on different grounds*, No. 3:13-cv-771, 2014 WL 4630713 (M.D. Pa. Sept. 15, 2014).

Lawrence also fails to plausibly plead the subjective element of his conditions-of-confinement claim: deliberate indifference to a prisoner's health or safety. Lawrence does not include any allegations against the named Defendants that would establish that they were deliberately indifferent to his health or safety and therefore could be liable for violating his Eighth Amendment rights. The only Defendant he identifies by name in his complaint—beyond the caption—is Barret, and Lawrence claims only that "he showed Barret" (and other unidentified SHU staff members) the bug in his oatmeal on January 5, 6, and 7 but "the institution failed to provide him with an alternative so he was left hungry for breakfast[.]" (Doc. No. 1 at 2.) Failing to replace a contaminated breakfast item on three days, while possibly indicative of poor job performance or callousness, does not establish deliberate indifference to Lawrence's health or safety. This second pleading deficiency bleeds into an additional, related reason why Lawrence's complaint fails to state a claim for relief: lack of personal involvement.

**B.    Personal Involvement**

It is well established that, in civil rights actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted) (concerning Section 1983 claims);

8

*Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).  Rather, a civil rights plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct."  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  *Id.* (quoting *Rode*, 845 F.2d at 1207).  Moreover, it is settled law that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

 Lawrence fails to include allegations of personal involvement as to most of the named Defendants.  With the exception of Barret, Defendants' names appear only in the caption of his complaint.  Lawrence indicates broadly that he believes

9

that "the staff workers mentioned in the above caption" denied him "his full nutritious meal," (Doc. No. 1 at 2), but such general, vague allegations do not indicate personal involvement in a constitutional infringement. For example, it is unclear whether any named Defendant was involved in one meal-portion incident, multiple incidents, or all the alleged incidents. Additionally, Lawrence also names the warden of FCI Schuylkill as a defendant, but it is simply implausible that the warden was involved with daily prisoner food service.

Without pleading personal involvement, Lawrence cannot state a civil rights claim. Consequently, Lawrence's complaint must be dismissed for the additional reason that he fails to plausibly plead personal involvement by most of the named Defendants.[2]

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

[2] The Court additionally notes that Lawrence attempts to sue the federal Bureau of Prisons (BOP). (*See* Doc. No. 1 at 1.) Any Eighth Amendment *Bivens* claim leveled against the BOP—an agency of the United States—is barred by sovereign immunity, as Congress has not carved out an exception to sovereign immunity for such claims. *See Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 345 (3d Cir. 2000) ("It is black letter law that the United States cannot be sued without the consent of Congress.") (internal citation omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (rejecting extension of *Bivens* remedy to claims against federal agencies); *Hatten v. Bledsoe*, 782 F. App'x 91, 95 (3d Cir. 2019) (nonprecedential) ("The District Court properly dismissed Hatten's *Bivens* claims against the BOP, as federal agencies are shielded by sovereign immunity absent an explicit waiver."); *Perez-Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012) (nonprecedential) (affirming summary judgment against prisoner-plaintiff, granted on basis of sovereign immunity, for Eighth Amendment *Bivens* claims against BOP).

amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Leave to amend will be granted because it is possible that Lawrence could cure some of the deficiencies identified in this Memorandum.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Lawrence's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: March 6, 2023