IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XYAVION CORTEZ LAWRENCE, | : | |
| Plaintiff | : | No. 1:23-cv-00060 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Xyavion Cortez Lawrence, who is currently incarcerated at the Federal Correctional Institution, Schuylkill (FCI Schuylkill), initiated the above-captioned *pro se* civil action, presumably under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Lawrence claims that he is being subjected to unconstitutional conditions of confinement with respect to food service. Lawrence's initial complaint was dismissed for failure to state a claim for relief. His amended complaint does not cure the deficiencies identified, so the Court must dismiss it pursuant to 28 U.S.C. § 1915A(b)(1) as well.

**I.    BACKGROUND**

In his initial complaint,[1] Lawrence alleged that he has been confined in the Special Housing Unit (SHU) at FCI Schuylkill since November 13, 2022, and has

---

[1] Lawrence filed a "motion for injunctive relief," (Doc. No. 1), which the Court construed as a civil complaint seeking injunctive relief, (*see* Doc. No. 11 at 1).

been "deprived of his full nutritious meal" on multiple occasions. (Doc. No. 1 at 2.) Specifically, Lawrence alleges in his amended complaint that he was not given his "fruit and dessert" during lunch on November 24; December 12, 30, and 31; January 1, 14, 15, and 20, and February 16, 17, and 23. (Doc. No. 14 at 3.) He states that he believes "that the SHU staff members are stealing part of [the] inmates['] meal." (*Id.* at 2.)

Lawrence avers that this is "cruel and unusual punishment" in violation of the Fifth and Eighth Amendments to the United States Constitution. (*See id.* at 1.) He contends that "any deviation from the [BOP's] regulation/rule/policy" regarding receipt of a "nutritious meal for breakfast, lunch, and dinner" automatically triggers a violation of an inmate's due process rights. (*Id.*)

Lawrence names as defendants "the [Federal Bureau of Prisons], Warden Sage, Chainey, Duncan, Savitsky, Horan, Pambianco, Davis, Yasenchak, Raup, and Several Other Respondents." (*Id.*) He seeks $10 million in monetary damages as well as injunctive relief. (*Id.* at 3.) However, because Lawrence again fails to state a claim upon which relief may be granted, his amended complaint must be dismissed.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or

employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these

documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Lawrence proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se*

litigant, like Lawrence, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

### III. DISCUSSION

"The first step in any [civil rights] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Lawrence asserts that his Fifth and Eighth Amendment rights are being violated. Yet his complaint is clearly setting forth a conditions-of-confinement claim under the Eighth Amendment's prohibition against cruel and unusual punishments.

To the extent that Lawrence argues that the provision of a partial lunch violates BOP "regulations/rules/policies," (Doc. No. 14 at 1), it is well settled that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *Williamson v. Garman*, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension"). Lawrence has not pled facts

5

showing that the unspecified regulation or policy itself creates a liberty or property interest such that its violation could infringe his due process rights. *See Millhouse v. Bledsoe*, 458 F. App'x 200, 203 (3d Cir. 2012) (nonprecedential) (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)). Because Lawrence does not identify a due process claim, the Court will consider whether he has plausibly stated an Eighth Amendment conditions-of-confinement claim in his amended complaint.

### A.     Eighth Amendment Conditions-of-Confinement Claim

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]" *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted). To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015). Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994);

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety." *Id.* (citing *Farmer*, 511 U.S. at 834). Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

The Court first notes that, because Lawrence is suing federal actors for an alleged constitutional deprivation, his claim implicates *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983. Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and extending the *Bivens* remedy is now a decidedly "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1857 (2017) (citation and internal quotation marks omitted). Nevertheless, the Court need not determine at this juncture whether a *Bivens* remedy exists for Lawrence's claim, as he fails to plausibly state an Eighth Amendment violation.

Lawrence's condition-of-confinement claim falters at the first element. That is, he does not allege a sufficiently serious deprivation. Lawrence avers that he was denied a *portion* of his lunch (fruit and dessert) on eleven occasions during a span of almost four months. This alleged deprivation, while perhaps unpleasant, does not rise to the magnitude of a *constitutional* violation. *See, e.g., Zanders v. Ferko*, 439

F. App'x 158, 160 (3d Cir. 2011) (nonprecedential) (deprivation of 3 meals over 2 days not a constitutional violation, but denial of 16 meals over 23 days may implicate Eighth Amendment); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) (nutritionally inadequate restricted diet for 14 consecutive days may violate constitution); *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999) (denial of food "on many occasions for three to five days at a time" sufficient to state Eighth Amendment claim); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (denial of one out of every nine meals for five-month span likely not a constitutional violation); *Robles v. Coughlin*, 725 F.2d 12, 13, 15-16 (2d Cir. 1983) (denial of all meals for 12 days, 3 of which were consecutive, over 53-day span implicated Eighth Amendment); *Smith v. Wilson*, No. 3:13-cv-771, 2014 WL 4626664, at *1, 5-6 (M.D. Pa. June 26, 2014) (denial of 15 meals over 27 days sufficient to state an Eighth Amendment claim), *report and recommendation rejected in part on different grounds*, No. 3:13-cv-771, 2014 WL 4630713 (M.D. Pa. Sept. 15, 2014).

In sum, the deprivation that Lawrence alleges in both his initial and amended complaint is not sufficiently serious to implicate the Eighth Amendment. Accordingly, his amended complaint must be dismissed.

### B. Claims Against the BOP

Lawrence again attempts to sue the federal Bureau of Prisons (BOP). (*See* Doc. No. 14 at 1.) However, as already explained to Lawrence, any Eighth

Amendment *Bivens* claim leveled against the BOP—an agency of the United States—is barred by sovereign immunity, as Congress has not carved out an exception to sovereign immunity for such claims. *See Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 345 (3d Cir. 2000) ("It is black letter law that the United States cannot be sued without the consent of Congress.") (internal citation omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (rejecting extension of *Bivens* remedy to claims against federal agencies); *Hatten v. Bledsoe*, 782 F. App'x 91, 95 (3d Cir. 2019) (nonprecedential) ("The District Court properly dismissed Hatten's *Bivens* claims against the BOP, as federal agencies are shielded by sovereign immunity absent an explicit waiver."); *Perez-Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012) (nonprecedential) (affirming summary judgment against prisoner-plaintiff, granted on basis of sovereign immunity, for Eighth Amendment *Bivens* claims against BOP).

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Lawrence has already been granted leave to amend once. Further leave to amend will be denied because Lawrence has failed to cure the fundamental deficiencies with his complaint even after "amendments previously allowed." *See Foman v. Davis*, 371 U.S. 178,

182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss Lawrence's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal will be with prejudice, as further leave to amend would be futile. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: April 12, 2023